# O'CONNOR ✦ O'CONNOR ✦ BRESEE ✦ FIRST PC
### ATTORNEYS AND COUNSELLORS AT LAW

Michael J. O'Connor

20 Corporate Woods Boulevard
Albany, New York 12211
Telephone: (518) 465-0400
Facsimile: (518) 641-7000
www.1stlaw.com

## RIGHTS AND RESPONSIBILITIES OF CHAPTER 13 CLIENTS AND O'CONNOR, O'CONNOR, BRESEE & FIRST, PC

It is important for Chapter 13 clients to understand their rights and responsibilities. It is also important that the clients know that communicating with O'Connor, O'Connor, Bresee & First, PC is essential to successfully completing their plan. Clients should also know that they may expect certain services to be performed by O'Connor, O'Connor, Bresee & First, PC.

In order to assure that clients and O'Connor, O'Connor, Bresee & First, PC understand their rights and responsibilities in the bankruptcy process, the following guidelines approved by the U.S. Bankruptcy Court are hereby agreed to by the client and O'Connor, O'Connor, Bresee & First, PC, **unless the Court orders otherwise:**

(Nothing in this agreement shall be construed to excuse an attorney from any ethical duties or responsibilities under FRBP 9011 or applicable non-bankruptcy law).

### BEFORE THE CASE IS FILED

**The client agrees to:**

1. Provide O'Connor, O'Connor, Bresee & First, PC with accurate financial information and timely provide all requested documentation.

2. Discuss with O'Connor, O'Connor, Bresee & First, PC the client's objectives in filing the case.

**O'Connor, O'Connor, Bresee & First, PC agrees to:**

1. Meet with the client to review the client's debts, assets, liabilities, income and expenses.

2. Counsel the client regarding the advisability of filing either a Chapter 7 or Chapter 13 case, outlining the procedures with the client and answering the client's questions.

3. Explain what payments will be made directly by the client and what payments will be made through the client's Chapter 13 plan, with particular attention to mortgage and vehicle loan payments as well as any other claims which accrue interest.

4. Explain to the client how, when and where to make the Chapter 13 payments.

5. Explain to client how the attorney's fees are paid and provide an executed copy of this document to the client.

6. Explain to the client that the first plan payment must be made to the Chapter 13 Trustee within thirty (30) days of the date the plan is filed.

7. Advise the client of the requirement to attend the 11 U.S.C. §341 meeting of creditors and instruct the client as to the date, time and place of the meeting.

8. Advise the client of the necessity of maintaining liability and hazard insurance on all real property as well as liability, collision and comprehensive insurance on vehicles securing loans or leases.

9. Timely prepare and file the client's petition, plan, statements and schedules.

## AFTER THE CASE IS FILED

**The client agrees to:**

1. Keep the Chapter 13 Trustee and O'Connor, O'Connor, Bresee & First, PC informed of the client's address and telephone number.

2. Inform O'Connor, O'Connor, Bresee & First, PC of any wage garnishments or attachments of assets which occur or continue after the filing of the case.

3. Contact O'Connor, O'Connor, Bresee & First, PC promptly if the client loses his/her job or has other financial problems.

4. Let O'Connor, O'Connor, Bresee & First, PC know if the client is sued during the case.

5. Inform O'Connor, O'Connor, Bresee & First, PC if any tax refunds the client is entitled to are seized or not returned to the client by the IRS or Franchise Tax Board.

6. Contact O'Connor, O'Connor, Bresee & First, PC before buying, selling or refinancing any property and before entering into any loan agreements to find out what approvals are required.

**O'Connor, O'Connor, Bresee & First, PC agrees to:**

1. Appear at the 11 U.S.C. §341 meeting of creditors with the client.

2. Respond to objections to plan confirmation and, where necessary, prepare an amended plan.

3. Prepare, file and serve necessary modifications to the Chapter 13 plan which may include suspending, lowering or increasing plan payments.

4. Prepare, file and serve necessary amended statements and schedules in accordance with information provided by the client.

5. Prepare, file and serve such motions as are needed during the case, including, but not limited to, motions to avoid liens, sell property, approve settlements, approve new debts, etc.

6. Timely review all filed proofs of claim.

7. Timely object to all improper and invalid proofs of claim based upon information and documentation provided by the debtor if such objection is necessary and beneficial to the client or to the estate.

8. Represent the client in connection with motions for relief from stay and for dismissal or conversion of the case.

9. Where appropriate, prepare, file and serve necessary motions to partially or wholly avoid liens on real property or personal property pursuant to Sections 506 or 522.

10. Communicate with the client by telephone or by being available for office appointments to discuss pending issues or matters of concern.

11. Provide such other legal services as are necessary for the proper administration of the present case before the U.S. Bankruptcy Court.

Approval for legal fees in the total sum of $ 3440 will be requested by O'Connor, O'Connor, Bresee & First, PC. O'Connor, O'Connor, Bresee & First, PC has received $ 0 pre-petition (the initial retainer) and requests payment of the balance of $ 3440 through the Chapter 13 plan.

Legal fees to be paid to O'Connor, O'Connor, Bresee & First, PC shall be a "flat fee" for all services to be rendered in this case. Additional fees may be awarded and paid to O'Connor, O'Connor, Bresee & First, PC if an extraordinary level of service is provided. If such occurs, O'Connor, O'Connor, Bresee & First, PC shall apply to the Court for any additional fees and all such fees shall be paid through the plan unless otherwise ordered. The attorney may not receive fees directly from the client other than the initial retainer, without Court approval.

If the client disputes the legal services provided or charged by the attorney, the client must advise the Court or the Chapter 13 Trustee in writing and request that the matter be set for a hearing.

The attorney may move to withdraw pursuant to Local Bankruptcy Rule 2091-1, or the client may discharge the attorney at any time.

Dated: _____     _____
                                    Debtor

Dated: _____     _____
                                    Debtor

Dated: _____     _____
                                    O'Connor, O'Connor, Bresee & First, PC